Michael E. Haglund, OSB No. 772030                    THE HONORABLE MARK D. CLARKE
e-mail: mhaglund@hk-law.com
Julie A. Weis, OSB No. 974320
e-mail: weis@hk-law.com
Christopher T. Griffith, OSB No. 154664
e-mail: cgriffith@hk-law.com
Haglund Kelley LLP
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Proposed Defendant-Intervenor
Murphy Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | | |
|---|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS,** | ) ) ) | Case No. 1:25-cv-02296-CL |
| | ) | |
| **Plaintiffs,** | ) ) | **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF** |
| v. | ) ) | **INTERVENTION (EXISTING PARTIES TAKE NO POSITION)** |
| **DOUGLAS JAMES BURGUM in his official capacity as Secretary of the Interior, U.S. FISH & WILDLIFE SERVICE, and U. S. BUREAU OF LAND MANAGEMENT,** | ) ) ) ) ) ) | |
| **Defendants,** | ) ) | |
| **and** | ) ) | |
| **MURPHY COMPANY,** | ) ) | |
| **Proposed Defendant-Intervenor.** | ) ) ) | |

**<u>LR 7-1(a) Certification</u>**

Pursuant to Local Rule 7-1(a)(1)(A), counsel for proposed defendant-intervenor Murphy

Company conferred in good faith with counsel for plaintiffs and federal defendants regarding the

basis for this motion.   No party takes a position on Murphy Company's motion.

Page 1 – **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

## MOTION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure (FRCP), Murphy Company moves to intervene on the side of federal defendants in this second lawsuit threatening Murphy Company's Paul's Payoff Timber Sale (Paul's Payoff, or Timber Sale).   Plaintiffs dismissed their first lawsuit in September 2025, after the Court had granted Murphy Company's motion to intervene.   See *Klamath-Siskiyou Wildlands Ctr. v. BLM*, Case No. 1:24-cv-01930-CL (D. Or. dismissed Sept. 11, 2025) (Document No. 21).

Plaintiffs' lawsuit seeks (again) to halt timber production from lands designated for that very purpose on the U.S. Bureau of Land Management's (BLM) Medford District in southern Oregon.   Murphy Company seeks (again) to intervene in plaintiffs' lawsuit challenging BLM's Last Chance Forest Management Project (the Project), which Murphy Company is helping implement through its Timber Sale purchased in September 2024.   As was the case with plaintiffs' first lawsuit, Murphy Company's intervention is warranted and should be granted, particularly given Murphy Company's continuing work on Paul's Payoff in the months after plaintiffs dismissed their first lawsuit.

BLM authorized the Project and Timber Sale pursuant to a Finding of No Significant Impact and a Decision Record, respectively, in September 2024, as supported by a thorough Environmental Assessment (EA).   BLM subsequently completed additional in-depth analysis of the environmental issues associated with the Project and then issued an updated EA and Decision Record in May 2025.   Plaintiffs thereafter dismissed their case.

Since then, Murphy Company has completed most of the roadside vegetation management and begun road rehabilitation on the Timber Sale.   Declaration of Nate Root (Root Decl.) ¶ 5.   Now, with new counsel, plaintiffs renew their challenge to the Project.

Page 2 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

The Court should again grant Murphy Company intervention under FRCP 24. Murphy Company satisfies all four factors for intervention as of right. <u>First</u>, this motion is timely because it is being filed at an early stage of the case. <u>Second</u>, Murphy Company has a significant interest in defending the Project because it purchased and is implementing the Timber Sale authorized under the Project. <u>Third</u>, plaintiffs' lawsuit threatens Murphy Company's interests because, absent participation in the case, proposed intervenor would have no opportunity to defend against plaintiffs' efforts to impede Murphy Company's contract rights and its access to BLM timber needed to supply its Oregon wood products manufacturing facilities. <u>Fourth</u>, the existing parties do not adequately represent the interests of Murphy Company because they do not share Murphy Company's private interests in this case.

This motion is supported by the following memorandum, the declaration of Nate Root, and a proposed answer.[1] The motion also is supported by the prior declarations of John Murphy and Nate Root filed in support of Murphy Company's intervention in the first case, copies of which are attached respectively as Exhibits A and B to the accompanying declaration of Chris Griffith and referred to directly herein.

## MEMORANDUM

## I. INTRODUCTION AND FACTUAL BACKGROUND.

This is plaintiffs' second case challenging the Project. The same plaintiffs dismissed their first case in September 2025. The Court granted Murphy Company's motion to intervene in the prior suit and should do so again here.

---

[1] Mr. Root's declaration testimony provides the most recent information about Murphy Company's operations and planned operations on Paul's Payoff. It supersedes the prior declarations of John Murphy and Nate Root filed in plaintiffs' first lawsuit (and included here as exhibits) with respect to operations status.

Page 3 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

An entity may intervene in pending litigation to protect its interests either as of right under FRCP 24(a) or permissively under FRCP 24(b).   Murphy Company moves to intervene in this action on the side of federal defendants to defend against plaintiffs' challenge to the Project and its Timber Sale.

Plaintiffs seek to shut down commercial timber production on the BLM Medford District's timberlands even though the lands are Harvest Land Base and O&C Act timberlands designated under the governing Southwestern Oregon Resource Management Plan (RMP) to be the source of continual timber production going forward.   The Project and Timber Sale are located "almost entirely on O&C lands managed by BLM . . . for permanent forest production in accordance with the principle of sustained yield."   Ex. A ¶ 3.   Project implementation is needed "to treat overly dense stands of trees that are at high risk of stand replacing wildfire, particularly within close proximity to cities like Grants Pass, Rogue River, Glendale and Merlin."   *Id.   See also id.* ¶ 6 (testifying that over the last decade or so, "the frequency of catastrophic wildfire in the area has dramatically increased").   Murphy Company's operation of the Timber Sale will help implement the Project through the commercial harvest of about 575 acres (out of 32,272 acres of BLM-administered lands included in the Project area, almost all of which are O&C lands).   *Id.*

Again, Murphy Company desires to defend against plaintiffs' effort to halt timber production on southern Oregon BLM timberlands designated for the very purpose of commercial timber production.   Murphy Company respectfully asks the Court to grant its motion to participate as of right under FRCP 24(a) or, alternatively, as a permissive intervenor under FRCP 24(b).

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

## II.    LEGAL STANDARDS.

The legal requirements for intervention under FRCP 24 are set forth below.    In evaluating these requirements in the context of the pending motion, the Court should accept as true all nonconclusory allegations submitted in support of the motion to intervene.    *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene . . . as true absent sham, frivolity or other objections.").    *See also Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011) (en banc) (acknowledging that a motion for intervention should be evaluated solely on the requirements found in the text of Rule 24).    Murphy Company satisfies the requirements for intervention.

### A.    Intervention as of Right.

The Ninth Circuit applies a four-part test in evaluating a motion for intervention as of right pursuant to FRCP 24(a):

(1) the application for intervention must be timely;

(2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and

(4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Berg*, 268 F.3d at 817.    The test is applied "liberally in favor of potential intervenors," and the Court's analysis "is guided primarily by practical considerations, not technical distinctions."    *Id.* at 818 (internal quotation marks omitted).    *See also Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (emphasizing that "the requirements [for

Page 5 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

intervention] are broadly interpreted in favor of intervention").

**B.     Permissive Intervention.**

A district court also has broad discretion to grant permissive intervention pursuant to FRCP 24(b). *See generally Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-09, 1110-11 (9th Cir. 2002), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (abrogated by the en banc panel to the extent it relied on the now-abandoned federal defendant rule). As explained by *Kootenai Tribe*, if a motion for intervention is timely, a court may allow intervention under FRCP 24(b) "'when an applicant's claim or defense and the main action have a question of law or fact in common.'" *Id.* at 1111 (quoting the Rule). Thus, unlike intervention as of right, permissive intervention has no protectable interest or adequacy of representation requirements and "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Id.* at 1108 (internal quotation marks omitted).

**III.     ARGUMENT.**

**A.     Murphy Company Should Be Allowed to Intervene as of Right.**

Murphy Company satisfies the criteria for intervention as of right under FRCP 24(a). The Court previously analyzed Murphy Company's interest in the Project and granted the motion to intervene. Since that time, Murphy Company has invested time and resources in the Timber Sale. Root Decl. ¶¶ 3-4. Murphy Company's clear right to defend its contract interest in the Project thus has grown only stronger.

**1.     The motion is timely.**

To determine whether a motion to intervene is timely, district courts in the Ninth Circuit typically weigh three factors: (1) the stage of the proceeding; (2) any prejudice to the other

Page 6 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

parties; and (3) the reason for and length of any delay. *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). The key consideration is whether intervention will prejudice the existing parties. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016).

Murphy Company's motion is timely. After dismissing their first case, plaintiffs filed this case in December 2025. Federal defendants have not yet filed an answer, the administrative records have not yet been filed with the Court, and merits briefing is months away.

Despite Murphy Company's prior intervention, plaintiffs did not notify Murphy Company of their new filing. After learning of plaintiffs' new lawsuit, Murphy Company promptly filed the present motion. *See* Root Decl. ¶ 8. Because Murphy Company's intervention at this early stage will not prejudice the parties, timeliness is readily met.

### 2.    Murphy Company has a protectable interest at stake that relates to the subject matter of this lawsuit.

Under Ninth Circuit law, it generally is "enough that the [proposed intervenor's] interest is protectable under *some law*, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993) (emphasis added), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173. *Wilderness Soc'y* also confirmed that an asserted interest need relate only to the property or transaction at issue, not plaintiffs' claims. 630 F.3d at 1178 (quoting FRCP 24(a)). Murphy Company has a significant interest at stake. If plaintiffs were to prevail, Murphy Company would lose the ability to harvest its Timber Sale despite its "investment of time and money" in Paul's Payoff. Root Decl. ¶ 4. Murphy Company has a protectable interest at stake because it purchased the Timber Sale "to supply its southern Oregon facilities with the raw materials needed to sustain operations and supply wood products to the public." Ex. A ¶ 2.

Page 7 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

Murphy Company thus has a protectable interest related to the property or transaction that is the subject of the action for purposes of intervention under FRCP 24(a).

### 3.    <u>Murphy Company's interests will be impaired if not represented</u>.

As explained in *Berg*, "'[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'"   268 F.3d at 822 (alteration in original) (quoting FRCP 24 advisory committee's notes).   The intervention rule itself shows that the benefit of the doubt goes to proposed intervenors, explaining that an applicant must be "so situated that disposing of the action *may* as a practical matter impair or impede the movant's ability to protect its interest . . . ."   FRCP 24(a) (emphasis added).

Murphy Company has demonstrated a concrete interest in defending and implementing Paul's Payoff, an interest threatened by plaintiffs' new lawsuit.   Whereas plaintiffs desire to thwart responsible management of O&C Act acres in the Project area, Murphy Company as the purchaser of the Timber Sale desires to harvest the timber from BLM lands designated for commercial timber production.   Ex. A ¶ 8.   Murphy Company desires to do so not only to supply its mills, but also to improve forest health in the Project area.   *Id.*   Plaintiffs' prayer for relief, which threatens to reduce Murphy Company's supply of raw materials from the Project area, plainly affects Murphy Company's interests detrimentally.

### 4.    <u>The existing parties do not represent Murphy Company's interests</u>.

The showing required to demonstrate inadequate representation "is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (emphasis in original), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (2011).   The U.S. Supreme Court long ago

held likewise. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (stating that the inadequacy of representation factor requires only a "minimal" showing that the existing parties' representation "may" inadequately represent the movant's interests).

A proposed intervenor is adequately represented only if "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).   The focus for evaluating this element is on "the subject of the action, not just the particular issues before the court." *Berg*, 268 F.3d at 823 (internal quotation marks omitted).

Murphy Company's private interests in the subject of this action are not adequately represented.   The plaintiffs do not share Murphy Company's interests in the implementation of Paul's Payoff as their lawsuit seeks to halt the Project.   Nor is Murphy Company adequately represented by federal defendants.   Although Murphy Company and federal defendants presumably share an interest in defeating plaintiffs' claims, Murphy Company's interests are not identical to those of federal defendants, who are responsible for a broader range of public interests not shared by Murphy Company.

Murphy Company operates three wood products plants in southern Oregon (veneer, plywood and laminated veneer lumber plants), where it employs hundreds of people.   Ex. A ¶ 2. To keep its employees working, its facilities operating, and its customers supplied with products, Murphy Company relies heavily on the purchase of public timber.   *Id.* ¶ 4.   Murphy Company's private interests in this case include its contractual interest in harvesting and processing the raw material from Paul's Payoff, and its more general interest in defending BLM's ability to manage

Page 9 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

the O&C timberlands for sustained-yield timber production.  *Id.* ¶¶ 8-9.

As recognized in *Berg*, a federal agency "cannot be expected" to protect private interests like those asserted by Murphy Company.   268 F.3d at 823.   "Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public."  *Forest Conservation Council*, 66 F.3d at 1499 (citation and internal quotation marks omitted).   Inadequate representation exists here where the broader interests of federal defendants do not align with Murphy Company's private interests in the subject of this action.

Even if we assume federal defendants will defend the Project zealously, that does not mean they can, or will, adequately represent Murphy Company's narrower private interests. The Ninth Circuit recognized this principle in *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983), a case in which environmental groups sought to intervene to support procedures establishing the Snake River Birds of Prey Conservation Area:

> We also agree that thus far in this litigation, the government, through the United
> States Attorney, has continued professionally and diligently to defend the actions
> of Secretary Andrus; there is no indication in this record of collusion or of any
> other conduct detrimental to the applicant's interest.   Nevertheless, such a
> showing is not required.   This court has consistently followed *Trbovich v. United
> Mine Workers*, 404 U.S. 528, 538 n. 10 . . . (1972) in holding that the requirement
> of inadequacy of representation is satisfied if the applicant shows that
> representation of its interests "may be" inadequate and that the burden of making
> this showing is minimal.

*Sagebrush*, 713 F.2d at 528.

Further, *Berg* observed that intervenors were not adequately represented by existing defendants where the intervenors "would likely offer important elements to the proceedings that the existing parties would likely neglect."   268 F.3d at 823 (explaining that "[t]he priorities of the defending government agencies are not simply to confirm the Applicants' interests . . . . On some issues, Applicants will have to express their own unique private perspectives")*.*   Similarly,

Page 10 - **MOTION TO INTERVENE AND
MEMORANDUM IN SUPPORT OF INTERVENTION**

allowing Murphy Company to intervene will allow the company to share its perspective as a purchaser of BLM timber on the negative implications of plaintiffs' requested relief, and on the importance of the correct interpretation of the federal statutes at issue.   The negative implications of plaintiffs' lawsuit are very real to Murphy Company – plaintiffs' repeated challenges to BLM timber sales directly threatens Murphy Company's ability to access the natural resources it needs to continue its operations.

For all of these reasons, Murphy Company has met the minimal showing required to demonstrate that the existing parties do not adequately represent its interests.   Murphy Company thus has satisfied the final element for intervention under FRCP 24(a).

### B.    <u>Alternatively, the Court Could Allow Permissive Intervention</u>.

The Court also could exercise its discretion by allowing permissive intervention under FRCP 24(b), which again has no protectable interest or adequacy of representation requirements. District courts have broad discretion to grant a timely motion for permissive intervention so long as the movant "assert[s] a claim or defense in common with the main action."   *Kootenai Tribe*, 313 F.3d at 1110.   Timeliness was established above.   And as was the case in *Kootenai Tribe*, Murphy Company asserts a "defense in common with the main action."   *Id.*

In *Kootenai Tribe*, a case involving a NEPA challenge to the 2001 Roadless Area Conservation Rule, the Ninth Circuit discussed a district court's broad discretion to grant permissive intervention.   Specifically, the court stated that "a 'significant protectable interest' is not required by Rule 24(b) for intervention, all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'"   *Id.* at 1108 (quoting FRCP 24).   The court then allowed non-governmental entities to intervene under FRCP 24(b) where they asserted "defenses of the Roadless Rule," *id.* at 1110,

and an interest in the use and management of the public lands at issue.   *Id.* at 1110-11.

Murphy Company similarly has an interest in defending the Project and Paul's Payoff, and in the use and management of the public lands at issue.   In fact, compared with the intervenors in *Kootenai Tribe*, Murphy Company has an even more direct interest in the current case given that Murphy Company seeks to defend a contractual interest as the purchaser of the timber on the public lands at issue.   Proposed intervenor thus satisfies the FRCP 24(b) requirements, clearing the way for the Court to exercise its discretion in favor of intervention so that Murphy Company can "'contribute to the equitable resolution of this case.'"   *Kootenai Tribe*, 313 F.3d at 1111 (quoting trial court).

## IV.   <u>CONCLUSION.</u>

Murphy Company satisfies the four-part test for intervention of right under FRCP 24(a) and also satisfies the requirements for permissive intervention under FRCP 24(b).   Murphy Company thus asks that it be allowed to participate in this case as a defendant-intervenor to contribute to the full development of the issues before the Court, and to represent its private interests in the Project and its Timber Sale.

DATED this 28th day of January, 2026.

**HAGLUND KELLEY LLP**

By:___ /s/ Julie A. Weis _____
    Michael E. Haglund, OSB No. 772030
    Julie A. Weis, OSB No. 974320
    Christopher T. Griffith, OSB No. 154664
    Attorneys for Proposed Defendant-Intervenor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2026, I served the foregoing **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

/s/ Julie A. Weis
Julie A. Weis

**CERTIFICATE OF SERVICE**