Michael E. Haglund, OSB No. 772030
e-mail: mhaglund@hk-law.com
Julie A. Weis, OSB No. 974320
e-mail: weis@hk-law.com
Christopher T. Griffith, OSB No. 154664
e-mail: cgriffith@hk-law.com
Haglund Kelley LLP
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Proposed Defendant-Intervenor
Murphy Company

THE HONORABLE MARK D. CLARKE

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION**

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS,**<br><br>Plaintiffs,<br><br>v.<br><br>**DOUGLAS JAMES BURGUM in his official capacity as Secretary of the Interior, U.S. FISH & WILDLIFE SERVICE, and U. S. BUREAU OF LAND MANAGEMENT,**<br><br>Defendants,<br><br>and<br><br>**MURPHY COMPANY,**<br><br>Proposed Defendant-Intervenor. | Case No. 1:25-cv-02296-CL<br><br>**DECLARATION OF NATE ROOT** |

I, Nate Root, being sworn, declare as follows:

1.     I am the Vice President of Resources for Murphy Company.  I make this declaration based on personal knowledge in support of Murphy Company's continuing implementation of the Paul's Payoff Timber Sale, which is helping implement the Last Chance

Forest Management Project at issue in this lawsuit. This is the second lawsuit challenging the Project, on which Murphy Company has been working since August 2025.

2. I have worked in forestry and timber operations for over twenty years, including management of timber procurement, harvest planning, road construction, and timber sale administration. I am familiar with Murphy Company's logging operations, contractual obligations, procurement needs, and the operational timelines associated with timber sales on private, state, and federal lands.

3. Murphy Company purchased Paul's Payoff from the Bureau of Land Management (BLM) in September 2024. The same plaintiffs in this case challenged the Project in November 2024, after which (in mid-2025) the Court granted Murphy Company intervenor status as a defendant-intervenor.

4. Murphy Company commenced roadwork and roadside vegetation management on Paul's Payoff in late August 2025 after having given notice to the parties through counsel, as we had agreed to do. Subsequently, plaintiffs' then-counsel discontinued representation of the plaintiffs, after which plaintiffs' then-counsel asked the Court to dismiss the case. The Court did so in September 2025. Murphy Company continued its work – and its investment of time and money – on implementing Paul's Payoff.

5. Since the case was dismissed more than four months ago, Murphy Company has relied on that dismissal and proceeded with work under the timber sale as planned. To date, Murphy Company has completed nearly all the roadside vegetation management required for the sale, meaning we have cleared the roads of vegetation to make them useable and safe. Murphy

Company also has completed a portion of the pre-haul road maintenance, which is necessary to safely move equipment and begin harvest operations.

6. This is a larger timber sale, requiring multi-season planning and substantial upfront investment. Murphy Company intends to begin logging in April 2026. That harvest volume is needed to supply Murphy Company's mills for the 2026 operating year. At present, Murphy Company also plans to construct necessary roads in the summer of 2026 to facilitate harvest. Completing those roads during the summer months is critical to meeting our operating needs.

7. Logging operations will continue during the 2027 operating season and, depending on conditions and mill needs, may extend into 2028. Murphy Company has structured its workforce, equipment scheduling, and procurement planning around this timeline. Any interruption to our planned work would be highly disruptive.

8. We were not notified when plaintiffs filed their second lawsuit. Now, having learned of plaintiffs' lawsuit independently, Murphy Company desires to again intervene to defend its timber sale, which it has been operating since last summer.

9. I understand that a copy of my declaration from plaintiffs' first lawsuit, and the declaration of John Murphy filed in the first case, are being filed as exhibits to Murphy Company's intervention papers in this second lawsuit. I have reviewed both documents, and the contents remain true and accurate to the best of my knowledge.

///

///

///

**I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

Dated this 25th day of January, 2026.

_____
Nate Root

Page 4 - DECLARATION OF NATE ROOT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2026, I served the foregoing **DECLARATION OF NATE ROOT** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

/s/ Julie A. Weis
Julie A. Weis

**CERTIFICATE OF SERVICE**