Michael E. Haglund, OSB No. 772030  
e-mail: mhaglund@hk-law.com  
Julie A. Weis, OSB No. 974320  
e-mail: weis@hk-law.com  
Christopher T. Griffith, OSB No. 154664  
e-mail: cgriffith@hk-law.com  
Haglund Kelley LLP  
2177 SW Broadway  
Portland, Oregon 97201  
Phone: (503) 225-0777  
Facsimile: (503) 225-1257  

Attorneys for Proposed Defendant-Intervenor  
Murphy Company

THE HONORABLE MARK D. CLARKE

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS,** | Case No. 1:25-cv-02296-CL |
| Plaintiffs, | **ANSWER OF [PROPOSED] DEFENDANT-INTERVENOR** |
| v. | |
| **DOUGLAS JAMES BURGUM in his official capacity as Secretary of the Interior, U.S. FISH & WILDLIFE SERVICE, and U. S. BUREAU OF LAND MANAGEMENT,** | |
| Defendants, | |
| and | |
| **MURPHY COMPANY,** | |
| Proposed Defendant-Intervenor. | |

Proposed Defendant-Intervenor Murphy Company (Murphy Company) answers Plaintiffs' Complaint for Declaratory and Injunctive Relief as alleged below.

Page 1 – **[PROPOSED] ANSWER OF MURPHY COMPANY**

**INTRODUCTORY STATEMENT**

Plaintiffs' Complaint alleges that the Secretary of the Interior, U.S. Bureau of Land Management (BLM) and U.S. Fish and Wildlife Service (FWS) (collectively Federal Defendants) violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq, the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4331 et seq., the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 1701 et seq., and the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 et seq., through their analyses and approvals of the Last Chance Forest Management Project (the Project) on the BLM's Medford District. The Project originally was approved after issuance of an Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) in September 2024. A revised EA and accompanying FONSI subsequently issued in May 2025. Plaintiffs filed suit against the Project in November 2024 but in September 2025 dismissed their case. Plaintiffs filed this new lawsuit challenging the Project in December 2025.

Judicial review of an agency action is limited to the administrative record(s). *See, e.g.*, *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). Because Plaintiffs bring their claims under the limited judicial review provisions of the APA, this Court's task is not to find facts but rather to review the administrative record facts supporting the Project to determine whether, as a matter of law, the agency action was arbitrary or capricious. 5 U.S.C. § 706. Because the Court does not operate as a finder of fact during APA review – again, the facts are those found in the administrative record(s) – there is no role for an Answer that responds to each factual allegation in the Complaint. The Court's inquiry instead is to evaluate whether the

Page 2 – **[PROPOSED] ANSWER OF MURPHY COMPANY**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

administrative records support the agencies' decisions.

Murphy Company is the purchaser of the Project's Paul's Payoff Timber Sale, which was authorized by a September 2024 Decision Record 1 and a May 2025 reissued Decision Record 1. The Court granted Murphy Company intervention in Plaintiffs' first lawsuit before Plaintiffs dismissed it.  Murphy Company now seeks to intervene in Plaintiffs' second lawsuit challenging the Project.

Consistent with the APA standard of review, Murphy Company denies that the Project is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Murphy Company instead avers that the Project complies with the APA, NEPA, FLPMA, and the ESA.  Accordingly, Murphy Company answers Plaintiffs' Complaint as follows:

## NATURE OF ACTION

1. The allegations in paragraphs 1-4 constitute Plaintiffs' introductory characterization of their case, to which no response is required.  To the extent a response is required, Murphy Company denies the allegations.

2. In addition, paragraphs 1-4 allege factual allegations as part of Plaintiffs' introductory characterization of their case.  Because all of the facts on which the Court bases its review are those found in the administrative records, the administrative records speak for themselves and demonstrate that the Project is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

## JURISDICTION

3. The allegations in paragraphs 5-6 constitute Plaintiffs' legal conclusions

regarding jurisdiction, which require no response. To the extent a response is required, Murphy Company denies the allegations.

4. In addition, Murphy Company lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 regarding Plaintiffs having exhausted their administrative remedies, and on that basis denies those allegations.

## VENUE AND DIVISIONAL ASSIGNMENT

5. The allegations in paragraphs 7 and 8 constitute Plaintiffs' legal conclusions regarding venue and divisional assignment, respectively, which require no response. To the extent a response is required, Murphy Company denies the allegations.

6. In addition, Murphy Company lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding the location of Plaintiffs' offices, and on that basis denies those allegations.

## PARTIES

7. The allegations in paragraphs 9-11 constitute Plaintiffs' description of themselves, *i.e.*, the parties comprising Plaintiffs, and Plaintiffs' alleged interests in this case, but Murphy Company lacks the knowledge and information sufficient to form a belief as to the truth of those allegations and on that basis denies.

8. Murphy Company admits the allegations in paragraphs 12-14.

## FACTS

### Northern Spotted Owl

9. The allegations in paragraphs 15-38 are factual allegations. Because all of the

facts on which the Court bases its review are those found in the administrative records, the administrative records speak for themselves and demonstrate that the Project is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

**Northwestern Pond Turtle**

10.     The allegations in paragraphs 39-51 are factual allegations.   Because all of the facts on which the Court bases its review are those found in the administrative records, the administrative records speak for themselves and demonstrate that the Project is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

**Medford District BLM's Fiscal Year 2023 Batch of Projects**

11.     The allegations in paragraphs 52-70 are factual allegations.   Because all of the facts on which the Court bases its review are those found in the administrative records, the administrative records speak for themselves and demonstrate that the Project is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

**BLM's Environmental Review and Decision for the Last Chance Project**

12.     Regarding the allegations in paragraphs 71-91, the allegations in all but paragraph 72 are factual allegations.   Because all of the facts on which the Court bases its review are those found in the administrative records, the administrative records speak for themselves and demonstrate that the Project is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

13.     The allegations in paragraph 72 describe the procedural posture of Plaintiffs' first challenge to the Project, which Plaintiffs dismissed in September 2025.   The pleadings in that

case – District of Oregon Case No. 24-1930 – speak for themselves and require no response, including the Order Granting Motion for Stay cited by Plaintiffs in this paragraph.

# CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF

## Section 7 of the Endangered Species Act

### (Against All Defendants)

#### COUNT 1

14.     Murphy Company denies any violation of the ESA as alleged in Plaintiffs' First Claim for Relief, Count 1, paragraphs 92-98, with respect to BLM's reliance on the Biological Opinion for the Project.

#### COUNT 2

15.     Murphy Company denies any violation of the ESA as alleged in Plaintiffs' First Claim for Relief, Count 2, paragraphs 99-104, with respect to FWS's use of the best available science regarding northern spotted owl site occupancy and survey efficacy.

#### COUNT 3

16.     Murphy Company denies any violation of the ESA as alleged in Plaintiffs' First Claim for Relief, Count 3, paragraphs 105-109, with respect to FWS defining the environmental baseline for the Project.

#### COUNT 4

17.     Murphy Company denies any violation of the ESA as alleged in Plaintiffs' First Claim for Relief, Count 4, paragraphs 110-116, with respect to FWS's incidental take

determination.

## SECOND CLAIM FOR RELIEF

### Federal Land Policy and Management Act

### (Against BLM)

18.     Murphy Company denies any violation of FLPMA as alleged in Plaintiffs' Second Claim for Relief, paragraphs 117-123, with respect to the Project's compliance with FLPMA, including as it pertains to the northwestern pond turtle.

## THIRD CLAIM FOR RELIEF

### National Environmental Policy Act

### (Against BLM)

19.     Murphy Company denies any violation of NEPA as alleged in Plaintiffs' Third Claim for Relief, paragraphs 124-132, with respect to the Project's compliance with NEPA, including BLM's determination that no environmental impact statement was required for the Project.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.   To the extent a response is required, Murphy Company denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.   Murphy Company denies any allegations in the Complaint, whether express or implied, not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

Murphy Company raises the following affirmative defenses:

1.  Plaintiffs have failed to state a claim upon which relief can be granted on some or all of the issues raised in the Complaint.

2.  Plaintiffs have failed to exhaust their administrative remedies with regard to one or more of their claims.

3.  Some or all Plaintiffs lack standing to pursue the requested relief raised in the Complaint.

WHEREFORE, Murphy Company prays that Plaintiffs' Complaint be dismissed with prejudice and that Murphy Company be awarded its costs and disbursements incurred herein.

DATED this 28th day of January, 2026.

**HAGLUND KELLEY LLP**

By:   /s/ Julie A. Weis
Michael E. Haglund, OSB No. 772030
Julie A. Weis, OSB No. 974320
Christopher T. Griffith, OSB No. 154664
Attorneys for Proposed Defendant-Intervenor Murphy Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2026, I served the foregoing **[PROPOSED] ANSWER OF DEFENDANT-INTERVENOR** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

/s/ Julie A. Weis
Julie A. Weis

**CERTIFICATE OF SERVICE**