Sangye Ince-Johannsen, OSB # 193827
David T. Woodsmall, OSB # 240631
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Boulevard, Suite 340
Eugene, Oregon 97401
sangyeij@westernlaw.org
woodsmall@westernlaw.org
541.778.6626
971.285.3632

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER**, **OREGON WILD**, and **CASCADIA WILDLANDS**, <br><br>   *Plaintiffs,* <br><br>  v. <br><br> **DOUGLAS JAMES BURGUM** in his official capacity as Secretary of the Interior, **U.S. FISH & WILDLIFE SERVICE**, and **U.S. BUREAU OF LAND MANAGEMENT**, <br><br>   *Defendants;* <br><br>  and <br><br> **MURPHY COMPANY,** <br><br>   *Defendant-Intervenor,* <br><br>  and <br><br> **AMERICAN FOREST RESOURCE COUNCIL** and **ASSOCIATION OF O&C COUNTIES**, <br><br>   *Applicant-Defendant-Intervenors.* | Case No. 1:25-cv-2296-CL <br><br> **PLAINTIFFS' RESPONSE TO APPLICANT-DEFENDANT-INTERVENORS' MOTION TO INTERVENE [Dkt. No. 22]** |

Plaintiffs Klamath-Siskiyou Wildlands Center, Oregon Wild, and Cascadia Wildlands take no position on the Motion to Intervene (Dkt. 22) filed by American Forest Resource Council ("AFRC") and Association of O&C Counties (collectively, "Timber Organizations"). Plaintiffs similarly took no position on Defendant-Intervenor Murphy Company's Motion to Intervene (Dkt. 8), which this Court recently granted (Dkt. 27). Should this Court grant the Timber Organizations' motion, Plaintiffs respectfully request that the Court impose limitations on the participation of Timber Organizations and Murphy Company in this suit.

The Ninth Circuit recognizes the authority of district courts to impose conditions on intervention to ensure efficient case management. *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F,3d 728, 741 (9th Cir. 2011). Courts may impose reasonable limitations on the participation of intervenors of right. *United States v. City and Cnty. of Honolulu*, No. 07-00235DAE-KSC, 2007 WL 4800670, at *2 (D. Haw. Nov. 21, 2007); *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, No. 21-cv-00344-JSW, 2021 WL 4552144, at *4 (N.D. Cal. May 3, 2021). These limitations help "ensure the fair, efficacious, and prompt resolution of the litigation." *Forest Cnty. Potawatomi Community v. U.S.*, 317 F.R.D. 6, 15 (D.D.C. 2016); *see also U.S. v. S. Florida Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991) (permitting conditions "consistent with the fair, prompt conduct of this litigation"); *City and Cnty. of Honolulu*, 2007 WL 4800670, at *2.[1]

Plaintiffs specifically request this Court impose two limitations on the Timber Organizations and Murphy Company's participation:

---

[1] The Court's order granting Murphy Company's intervention did not specify if intervention was granted by right or permissive. Dkt. 27. The Court has broad discretion to condition participation upon granting permissive intervention. *Mont. Envtl. Info. Ctr. v. Mont. Dep't of Envtl. Quality*, No. CV-23-28-GF-BMM, 2023 WL 7184058, at *3 (D. Mont. Nov. 1, 2023).

1. The Timber Organizations and Murphy Company file one consolidated merits brief not to exceed 11,000 words or 35 pages, or, alternatively, the Timber Organizations and Murphy Company each separately file a merits brief not to exceed 5,500 words or 16 pages.
2. The Timber Organizations and Murphy confine their arguments to existing claims and refrain from interjecting new or collateral issues.

The first condition is necessary for the fair resolution of this case given the relationship between AFRC and Murphy Company. AFRC is a trade association committed to furthering its members' interests. Dkt. 22 at 6. AFRC is intervening in this case to protect the interests of two AFRC members that have purchased and are operating timber sales authorized by the project at issue in the litigation—Boise Cascade and Murphy Company. *Id.* at 3. If Timber Organizations' motion is granted, Murphy Company would thus be represented by its own counsel and its trade association. Requiring the Timber Organizations and Murphy Company file one, consolidate merits brief ensures each party's interests are fairly, and equitably, represented in this litigation, and prevents duplicative briefing.

The second condition ensures the case remains manageable. Courts restrict intervenors from expanding the scope of litigation to prevent overly complex proceedings. *See, e.g., Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 10 (D.D.C. 2018).

Date: March 3, 2026,     /s/ Sangye Ince-Johannsen

Sangye Ince-Johannsen, OSB # 193827
David T. Woodsmall, OSB # 240631
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Boulevard, Suite 340
Eugene, Oregon 97401
sangyeij@westernlaw.org
woodsmall@westernlaw.org
+1 541.778.6626
+1 971.285.3632