DOMINIC M. CAROLLO, OSB #093057
NOLAN G. SMITH, OSB #215034
AUDREY F. BOYER, OSB #106560
Carollo Law Group
Mail:   P.O. Box 2456
         Roseburg, OR 97470
Office: 2315 Old Highway 99 South
         Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com
Email: nsmith@carollolegal.com
Email: aboyer@carollolegal.com

SARA GHAFOURI, OSB #111021
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS,**<br><br>    Plaintiffs,<br><br>    vs.<br><br>**DOUGLAS JAMES BURGUM in his official capacity as Secretary of the Interior, U.S. FISH & WILDLIFE SERVICE, and U.S. BUREAU OF LAND MANAGEMENT,**<br><br>    Defendants,<br><br>**MURPHY COMPANY**,<br><br>    Defendant-Intervenor,<br><br>and | Civil Case No. 1:25-cv-02296-CL<br><br>**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE**<br><br>THE HONORABLE MARK D. CLARKE |

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 1

| | |
|---|---|
| **AMERICAN FOREST RESOURCE COUNCIL,** an Oregon non-profit corporation, and **ASSOCIATION OF O&C COUNTIES,** an unincorporated Association,<br><br>    Proposed Defendant-Intervenors. | |

**REPLY MEMORANDUM**

Plaintiffs request that the Court impose two limitations on Proposed Defendant-Intervenors' participation in this proceeding:

> 1. [Proposed Defendant-Intervenors] and Murphy Company file one consolidated merits brief not to exceed 11,000 words or 35 pages, or, alternatively, … each separately file a merits brief not to exceed 5,500 words or 16 pages.
>
> 2. [Proposed Defendant-Intervenors] and Murphy confine their arguments to existing claims and refrain from interjecting new or collateral issues.

ECF 40 at 3. These limitations are neither warranted nor appropriate.

### I. Plaintiffs' First Limitation Ignores Proposed Defendant-Intervenors' Unique Interests and Would Retroactively Subject Murphy Company to Limitations on Participation.

Stating with the first proposed limitation, Plaintiffs are correct that Intervenor Murphy Company is a member of Proposed Defendant-Intervenor the American Forest Resource Council ("AFRC"). However, AFRC's interests are much broader than Murphy Company's. AFRC also represents Boise Cascade, the purchaser of the "Take a Chance" timber sale, as well as other manufacturers and operators likely to either purchase other timber sales or wood products pursuant to or produced by the Last Chance Forest Management Project ("Last Chance Project"). *See* ECF 24 at ¶¶ 6–10, 15–20; ECF 31-1 at ¶¶ 2, 9–10.

Plaintiffs also fail to mention the unique interests held by the Association of O&C Counties ("AOCC"). While Plaintiffs dub AOCC a "Timber Organization," that is a misnomer. AOCC represents the Oregon counties which receive shared timber receipts under the Oregon

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 2

and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937 ("O&C Act"). ECF 25 ¶ 4. AOCC, its members, and its members' constituents are uniquely situated because the Last Chance Forest Management Project has a direct impact on funding for the O&C counties' budgets. ECF 25 ¶¶ 10–16. This means that funding for essential services like policing, social services for children and elderly, veterans services, and more directly ties to the Last Chance Project. *Id*. AOCC's interests are completely unique from the interests of AFRC and Murphy Company. Thus, there is no basis to limit AFRC and AOCC's participation in this case merely because Murphy Company is already an intervenor.

Further, Plaintiffs' proposed limitations would improperly and retroactively harm Murphy Company's participation. Murphy Company was granted intervention without limitation. *See generally* ECF 41. It would be unfair to impose limitations on Murphy Company's participation after the fact.

Finally, the proposed limitation would improperly deny all intervenors full due process of law by restricting their participation to a single merits brief. Limiting the ability of proposed defendant-intervenors to participate violates the policies underlying Federal Rule of Civil Procedure 24. The Rule "is designed to protect[] third parties affected by the litigation." *The Wilderness Soc'y v. Babbitt*, 104 F.Supp.2d 10, 18 (D.D.C. 2000). "[A] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts…." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*). Therefore, "the purposes of Rule 24 are best served by permitting the prospective intervenors to engage in all aspects of this litigation." *Babbitt*, 104 F.Supp.2d at 18. The Court should avoid restrictions on participation that do not have substantial justification. *See Dacotah Chapter of Sierra Club v. Salazar*, No. 1:12-CV-065, 2012 WL 3686742, at *3 (D.N.D. Aug. 27, 2012) (declining to

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 3

impose separate page limitations on prospective intervenors as "both arbitrary and unnecessarily punitive"); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 15-CV-05754-JST, 2016 WL 1394355, at *4 (N.D. Cal. Apr. 7, 2016) (granting motion to intervene by Douglas & Siskiyou Counties and AFRC and stating the plaintiffs had "not demonstrated why it is necessary to limit Intervenors to a single brief, or what prejudice will occur if Intervenors are not so limited"). Similarly, in *Columbus-America Discovery Group v. Atlantic Mutual Ins. Co.*, 974 F.2d 450 (4th Cir. 1992), the court reversed conditions imposed by the district court on intervention, noting "an unconditional granting of intervention would not have necessarily caused any delay at all." *Id.* at 470. The same is true here—the proposed limitation is not necessary to avoid or mitigate against any concerns about delay in this case.

Fundamentally, Intervenors "enter the suit with the status of original parties." *United States v. State of Or.*, 657 F.2d 1009, 1014 (9th Cir. 1981); *accord D.C. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) ("Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted."). Plaintiffs proposed restriction is antithetical to this principle. As the Ninth Circuit has recognized in the context of Rule 24(a)(1), "[i]t would be meaningless to give [an intervenor] an absolute right to intervene in order to protect [its] interests, if once in the proceedings [it] was barred from raising questions necessary for [its] own protection." *Spangler v. United States*, 415 F.2d 1242, 1245 (9th Cir. 1969); *see also Pac. Rivers v. U.S. Bureau of Land Mgmt.*, No. 6:16-CV-01598-TC, 2016 WL 11047279, at *2 (D. Or. Nov. 3, 2016) (relying on *Spangler* and denying requests for conditions on intervention). In order to protect their interests in this litigation, including on appeal, intervenors should not be restricted from filing motions (including a summary judgment motion) and a full briefing opportunity. *See WaterWatch*

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 4

*of Oregon, et al. v. U.S. Army Corps of Engineers, et al.*, Case No. 3:20-CV-00413-HZ (D. Or.) (ECF 34, filed April 14, 2020, opposing intervention at the preliminary injunction stage and requesting that distinct intervenors with separate counsel be required to file combined summary judgment briefing or briefing of 20 pages or less; ECF 38. Filed May 5, 2020, Judge Hernandez granting Oregon Farm Bureau Federation's motion to intervene without conditions requested by the plaintiffs). For each of the reasons stated above, Plaintiffs' first limitation on participation should be rejected.

As an alternative to Plaintiffs' first limitation, Proposed Defendant-Intervenors commit to making a good-faith effort to confer with federal defendants and Murphy Company and seek to avoid unnecessarily redundant briefing. As Muphy Company correctly acknowledged, both proposed intervenors and Murphy Company are represented by counsel who have experience coordinating in a way that would avoid overburdening the Court. ECF 41 at 2. In addition, avoiding unnecessary duplication with the federal defendants can be achieved by staggering the briefing on motions, such that intervenors' motions and/or briefs would be filed seven (7) days following the due date(s) for federal defendants. This approach has been collaboratively adopted in similar cases before this Court in which the undersigned is lead counsel and it works well to help reduce redundant briefing. *See, e.g.*, *Center for Biological Diversity v. U.S. Forest Service et al.*, Case 6:24-cv-00930-AA (ECF 84, filed Dec. 11, 2025); *Cascadia Wildlands et al. v. U.S. Bureau of Land Mgmt. et al.*, Case 6:24-cv-01641-MTK (ECF 14, filed Dec. 2, 2024). Thus, should Plaintiffs wish to advance the interest of avoiding duplicative briefing, they have the option of agreeing to the same approach through good faith conferral on briefing schedules for this case.

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 5

## II. Plaintiffs' Second Limitation is Ambiguous, Contrary to Law, and the Issue is Hypothetical and Premature at this Stage of the Litigation.

Proposed Defendant-Intervenors also oppose Plaintiffs' second proposed limitation on participation. It is unclear what Plaintiffs mean by requesting that "[Proposed Defendant-Intervenors] and Murphy confine their arguments to existing claims and refrain from interjecting new or collateral issues." ECF 40 at 3. However, Plaintiffs' second limitation appears to be contrary to law.

"[W]hen there is a "sufficiently close relationship between the claims and defenses of the intervenor and those of the original defendant to permit adjudication of all claims in one forum and in one suit ... the district court is without discretion to deny the intervenor the opportunity to advance such claims." *Pac. Rivers v. United States Bureau of Land Mgmt.*, No. 6:16-CV-01598-TC, 2016 WL 11047279, at *2 (D. Or. Nov. 3, 2016) (denying first requested limitation that intervenors "be ordered to confine their arguments to the issues raised in plaintiffs' Complaint"); *United States v. City & Cnty. of Honolulu*, No. CIV.07-00235 DAE-KSC, 2007 WL 4800670, at *2 (D. Haw. Nov. 21, 2007), *report and recommendation adopted*, No. CIV.07-00235DAE-KSC, 2007 WL 4800686 (D. Haw. Dec. 12, 2007) ("The conditions imposed by the Court must be reasonable and of a housekeeping nature. … in particular, it should not be allowed to limit the intervenor in the assertion of counterclaims or other new claims[.]") (citation omitted). Plaintiffs' proposed limitation is directly contrary to these common-sense rulings.

Nevertheless, Proposed Defendant-Intervenors obviously intend to participate in this case consistent with federal notice pleading requirements. *See, e.g.*, *Earth Island Inst. v. United States Forest Serv.*, 87 F.4th 1054, 1071 (9th Cir. 2023) (issues on summary judgment are constrained by the pleadings). Plaintiffs have had the chance to review Proposed Defendant-Intervenors' proposed answer (ECF 22-1) which does not raise any counterclaims or crossclaims. The

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 6

proposed answer clearly indicates that Proposed Defendant-Intervenors have no present intent of litigating any issues not within the scope of the parties' operative pleadings. *See* ECF 22-1. Were Proposed Defendant-Intervenors to seek to add counterclaims or crossclaims it would require a motion to amend the pleadings. At such time, which is completely hypothetical at this stage of the case, Plaintiffs could raise any objections they may have. That would be the proper time for Plaintiffs to raise objections to the introduction of "new or collateral issues."

Finally, it is fundamentally unclear what Plaintiffs mean by "new or collateral issues" in the first place. This phrase is ambiguous and could lead to unnecessary litigation over the scope of intervenors' participation. Any additional limitations are not warranted based on Plaintiffs' unsubstantiated fear of "new or collateral issues" and should concerns arise, they should be addressed at that time—not now.

## CONCLUSION

For the forgoing reasons, Proposed Defendant-Intervenors the American Forest Resource Council and Association of O&C Counties respectfully request that the Court grant their motion to intervene without any special limitations on their participation in this case.

Dated this 5th day of March, 2026.

/s/ Dominic M. Carollo
DOMINIC M. CAROLLO, OSB #093057
Nolan G. Smith, OSB #215034
AUDREY F. BOYER, OSB#106560
Carollo Law Group
Mail:   P.O. Box 2456
        Roseburg, OR 97470
Office: 2315 Old Highway 99 South
        Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com

SARA GHAFOURI, OSB #111021
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org

*Attorneys for Proposed Defendant-Intervenors*

**REPLY IN SUPPORT OF [PROPOSED] DEFENDANT-INTERVENORS' MOTION TO INTERVENE** - 7

## CERTIFICATE OF SERVICE

I, Dominic Carollo, hereby certify that on March 5, 2026, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 5th day of March, 2026.

/s/ Dominic M. Carollo