DOMINIC M. CAROLLO, OSB #093057
NOLAN G. SMITH, OSB #215034
AUDREY F. BOYER, OSB #106560
Carollo Law Group
Mail:   P.O. Box 2456
        Roseburg, OR 97470
Office: 2315 Old Highway 99 South
        Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com
Email: nsmith@carollolegal.com
Email: aboyer@carollolegal.com

SARA GHAFOURI, OSB #111021
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
*Attorneys for Defendant-Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS, | Civil Case No. 1:25-cv-02296-CL |
| Plaintiffs, | **DEFENDANT-INTERVENORS' ANSWER** |
| vs. | |
| DOUGLAS JAMES BURGUM in his official capacity as Secretary of the Interior, U.S. FISH & WILDLIFE SERVICE, and U.S. BUREAU OF LAND MANAGEMENT, | THE HONORABLE MARK D. CLARKE |
| Defendants, | |
| MURPHY COMPANY, | |
| Defendant-Intervenor, | |
| and | |

DEFENDANT-INTERVENORS' ANSWER – 1

|  |  |
|---|---|
| **AMERICAN FOREST RESOURCE COUNCIL,** an Oregon non-profit corporation, and **ASSOCIATION OF O&C COUNTIES,** an unincorporated Association, |  |
| Defendant-Intervenors. |  |

For its Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, Defendant-Intervenors American Forest Resource Council and Association of O&C Counties (collectively, "Intervenors") answer Plaintiffs' Complaint for Declaratory and Injunctive Relief, ECF No. 1. The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint.

## NATURE OF ACTION

1. Intervenors admit that the Last Chance Forest Management Project ("Last Chance Project") is proposed for implementation in the Medford District of southwestern Oregon. The remaining allegations of Paragraph 1 constitute Plaintiffs' characterization of their own case, which require no response. To the extent a response is required, the allegations are denied.

2. The allegations in Paragraph 2 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenors deny that Defendants' authorization of the Last Chance Project, or any actions taken in connection with that authorization, constitute a violation of law.

3. The allegations in Paragraph 3 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenors deny that Defendants' authorization of the Last Chance Project, or any actions taken in connection with that authorization, constitute a violation of law.

4. The allegations in Paragraph 4 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenors deny that

DEFENDANT-INTERVENORS' ANSWER – 2

Defendants' authorization of the Last Chance Project, or any actions taken in connection with that authorization, constitute a violation of law.

## JURISDICTION

5.     The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6.     The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## VENUE

7.     The allegations in the first sentence of Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this sentence. Intervenors lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7, and therefore deny the same.

## DIVISIONAL ASSIGNMENT

8.     Intervenors admit that BLM maintains offices in the Medford Division of this judicial district and FWS maintains an office in Roseburg, Douglas County. The remaining allegations in Paragraph 8 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

9.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

10.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

DEFENDANT-INTERVENORS' ANSWER – 3

11.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

12.    Intervenors admit the allegations in Paragraph 12.

13.    Intervenors admit the allegations in Paragraph 13.

14.    Intervenors admit the allegations in Paragraph 14.

**FACTS**

Northern Spotted Owl (*Strix occidentalis caurina*)

15.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny the same. To the extent that Paragraph 15 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

16.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny the same. To the extent that Paragraph 16 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

17.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny the same. To the extent that Paragraph 17 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

18.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny the same. To the extent that Paragraph 18 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

19.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny the same. To the extent that Paragraph 19 purports to characterize documents, those documents speak for themselves, and any allegations inconsistent with their plain language, meaning or context are denied.

20.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny the same. To the extent that Paragraph 20 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

21.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny the same. To the extent that Paragraph 21 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

22.     Intervenors admit that FWS listed the northern spotted owl as threatened under the ESA in 1990. Intervenors further state that the listing rule speaks for itself and is the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources. With respect to the

DEFENDANT-INTERVENORS' ANSWER – 5

second sentence of Paragraph 22, the allegations rely on the vague terms "unabating" and "rampant" and Intervenors lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and therefore deny the same. To the extent that the remaining allegations in Paragraph 22 purport to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

23.     The allegations in Paragraph 23 rely on the vague term "eliminated" and Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny the same. To the extent that Paragraph 28 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

29.     The allegations in Paragraph 29 rely on the vague terms "increased" and "reduced" and Intervenors lack sufficient knowledge or information to admit or deny the allegations and therefore deny them on that basis.

30. The allegations in Paragraph 30 rely on the vague term "recently" and Intervenors lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and therefore deny the same. To the extent that Paragraph 30 otherwise purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

31. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny the same. To the extent that Paragraph 31 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

32. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 32 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

33. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 33 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

34. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 34

purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

35.    The allegations in Paragraph 35 purport to characterize a study by Appel *et al.* (2023), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

36.    The allegations in Paragraph 36 purport to characterize a study by Kramer *et al.* (2023), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

37.    The allegations in Paragraph 37 purport to characterize studies by Kramer *et al.* (2023) and Appel *et al.* (2023), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

38.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 38 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

<u>Northwestern Pond Turtle (*Actinemys marmorata*)</u>

39.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 39

DEFENDANT-INTERVENORS' ANSWER – 8

purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

40.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 40 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

41.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 41 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

42.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 42 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

43.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 43 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

44.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 44 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

45.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 45 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

46.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that the allegations in Paragraph 46 rely on vague or undefined terms, they are denied. To the extent Paragraph 46 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

47.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 47 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

48.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 48

purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

49. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 49 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

50. Intervenors admit the allegations in Paragraph 50.

51. Intervenors admit the allegations in Paragraph 51.

<u>Medford District BLM's Fiscal Year 2023 Batch of Projects</u>

52. The allegations in Paragraph 52 purport to characterize the April 24, 2023 Biological Assessment ("BA"), which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

53. The allegations in Paragraph 53 purport to characterize the July 3, 2023 Biological Opinion ("2023 BiOp"), which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

54. Intervenors admit the allegations in Paragraph 54.

55. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 55 purports to characterize documents, those documents speak for themselves and are the best

DEFENDANT-INTERVENORS' ANSWER – 11

evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

56.    The allegations in Paragraph 56 rely on the vague terms "mature" and "old-growth" and Intervenors lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and therefore deny the same. To the extent that Paragraph 56 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

57.    Intervenors admit the allegations in paragraph 57.

58.    The allegations in this paragraph purport to characterize the 2023 BiOp and BA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

59.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 59 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

60.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 60 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

DEFENDANT-INTERVENORS' ANSWER – 12

61. The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

62. The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

63. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. To the extent that Paragraph 63 purports to characterize documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the sources.

64. The allegations in this paragraph purport to characterize the BA and the 2023 BiOp, each of which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

65. The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

66. The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required,

DEFENDANT-INTERVENORS' ANSWER – 13

Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

67.    The allegations in this paragraph purport to characterize the BA and the 2023 BiOp, each of which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

68.    The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

69.    The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

70.    The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

<u>BLM's Environmental Review and Decision for the Last Chance Project</u>

71.    The allegations in Paragraph 71 purport to characterize the July 2024 Environmental Assessment ("EA") and September 10, 2024 Finding of No Significant Impact ("FONSI"), which speak for themselves and are the best evidence of their contents. To the extent

a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

72.    Intervenors admit that Plaintiffs previously challenged the Last Chance Decision Record #1 ("Decision Record #1") in *Klamath Siskiyou Wildlands Ct., et al. v. BLM*, No. 1;24-cv-01930 (D. Or. Jan. 22, 2024). The remaining allegations in Paragraph 72 purport to characterize filings in that case, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

73.    Interventors admit the allegations in Paragraph 73.

74.    Intervenors admit the allegations in Paragraph 74.

75.    The allegations in Paragraph 75 purport to characterize Decision Record #1, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

76.    The allegations in Paragraph 76 purport to characterize the May 12, 2025 Environmental Assessment ("Final EA"), which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

77.    The allegations in Paragraph 77 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

DEFENDANT-INTERVENORS' ANSWER – 15

78.     The allegations in Paragraph 78 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

79.     The allegations in Paragraph 79 purport to characterize Decision Record #1, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

80.     The allegations in Paragraph 80 purport to characterize the Final EA and 2023 BiOP, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

81.     The allegations in Paragraph 81 purport to characterize the Final EA and 2023 BiOP, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

82.     The allegations in Paragraph 82 purport to characterize the Final EA and 2023 BiOP, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

83.     The allegations in Paragraph 83 purport to characterize the Final EA and 2023 BiOP, which speak for themselves and are the best evidence of their contents. To the extent a

DEFENDANT-INTERVENORS' ANSWER – 16

response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

84.    The allegations in Paragraph 84 present legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

85.    The allegations in Paragraph 85 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

86.    The allegations in Paragraph 86 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

87.    The allegations in Paragraph 87 purport to characterize the 2016 Southwestern Oregon Resource Management Plan ("2016 RMP"), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

88.    The allegations in Paragraph 88 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

89.    The allegations in Paragraph 89 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors

DEFENDANT-INTERVENORS' ANSWER – 17

deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

90.     Intervenors admit the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 purport to characterize the FONSI, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF:

**Violations of Section 7 of the Endangered Species Act**

**(Against All Defendants)**

**COUNT 1:  BLM Arbitrarily and Capriciously relied on a Biological Opinion**

**that Fails to Analyze the Project's Actual Impacts to**

**Northern Spotted Owl Critical Habitat**

92.     Intervenors incorporate by reference their responses to all preceding paragraphs.

93.     The allegations in Paragraph 93 constitute legal conclusions, to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

94.     The allegations in Paragraph 94 constitute legal conclusions to which no response is required, and purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required,

DEFENDANT-INTERVENORS' ANSWER – 18

Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

95.     The allegations in Paragraph 95 purport to characterize the Administrative Record for the Last Chance Project, 2023 BiOp, and BA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

96.     Denied.

97.     Denied.

98.     Denied.

**COUNT 2: FWS Failed to Use the Best Available Science Regarding**

**Northern Spotted Owl Site Occupancy and Survey Efficacy,**

**Rendering the BiOp Arbitrary and Capricious**

99.     Intervenors incorporate by reference their responses to all preceding paragraphs.

100.    The allegations in Paragraph 100 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

101.    The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

102.    The allegations in the first three sentences of Paragraph 102 purport to characterize the 2023 BiOp, the Appel *et al.* (2023) study, and unidentified "best available science," each of

DEFENDANT-INTERVENORS' ANSWER – 19

which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources. Intervenor deny the allegations in the last sentence of Paragraph 102.

103.    The allegations in the first sentence of Paragraph 103 purport to characterize the Administrative Record for the Last Chance Project, which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources. The remaining allegations in Paragraph 103 present legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

104.    The allegations in Paragraph 104 present legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT 3:  FWS Failed to Accurately Define the Environmental Baseline
## by Systematically Excluding Likely Occupied Sites

105.    Intervenors incorporate by reference their responses to all preceding paragraphs.

106.    The allegations in Paragraph 106 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

107.    The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

DEFENDANT-INTERVENORS' ANSWER – 20

108. Intervenors deny the allegations in the first and second sentences of Paragraph 108. The remaining allegations in Paragraph 108 purport to characterize the 2023 BiOp and Appel *et al.* study, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

109. Denied.

### COUNT 4:  FWS's "Zero Incidental Take Determination

### is Arbitrary and Capricious

110. Intervenors incorporate by reference their responses to all preceding paragraphs.

111. The allegations in this paragraph purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

112. The allegations in Paragraph 112 are conclusions of law, to which no response is required, and purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

113. The allegations in Paragraph 113 are conclusions of law, to which no response is required, and purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

114. The allegations in Paragraph 114 are conclusions of law, to which no response is required, and purport to characterize the 2023 BiOp, which speaks for itself and is the best evidence

of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

115.     Denied.

116.     Denied.

## SECOND CLAIM FOR RELIEF

### Violation of Federal Land Policy and Management Act

### (Against U.S. Bureau of Land Management)

117.     Intervenors incorporate by reference their responses to all preceding paragraphs.

118.     The allegations in Paragraph 118 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

119.     The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

120.     The allegations in the first sentence of Paragraph 120 purport to characterize the RMP and the proposed listing determination for the northwestern pond turtle, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources. The remaining allegations in Paragraph 120 rely on the vague terms "at least" and "potentially more" and Intervenors lack sufficient knowledge or information to admit or deny the allegations and therefore deny them on that basis

DEFENDANT-INTERVENORS' ANSWER – 22

121. The allegations in this paragraph purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

122. Denied.

123. Denied.

### THIRD CLAIM FOR RELIEF:

**Violation of National Environmental Policy Act**

**(Against U.S. Bureau of Land Management)**

124. Intervenors incorporate by reference their responses to all preceding paragraphs.

125. The allegations in Paragraph 125 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

126. Denied.

127. Denied.

128. Intervenors deny the allegations in the first sentence of Paragraph 128. The allegations in the second sentence of Paragraph 128 purport to characterize the Final EA, which speaks for itself and is the best evidence of its content. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the referenced sources.

129. Denied.

130. Denied.

131.    Denied.

132.    Denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of their request for relief, which requires no response. To the extent a response may be required, Intervenors deny that Plaintiffs are entitled to any of the relief requested, including subparagraphs I to XII, or to any relief whatsoever.

## GENERAL DENIAL

Intervenors deny each and every allegation of Plaintiffs' Complaint not otherwise expressly admitted, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

(Failure to state a claim)

Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies/Waiver)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust available administrative remedies and/or waived such claims by failing to raise them during the applicable administrative proceedings.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Comply with ESA 60-Day Notice Requirement)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to comply with the ESA's 60-day notice provision, 16 U.S.C. § 1540(g), prior to commencing this action.

## FOURTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

DEFENDANT-INTERVENORS' ANSWER – 24

Intervenors reserve the right to assert additional affirmative defenses as they become known through discovery or further proceedings in this matter.

WHEREFORE, American Forest Resource Council and Association of O&C Counties respectfully request that the Court deny Plaintiffs' request for relief, dismiss the case with prejudice, that Plaintiffs take nothing, and grant any other relief deemed appropriate.

Dated this 18th day of March, 2026.

/s/ Dominic M. Carollo
DOMINIC M. CAROLLO, OSB #093057
NOLAN G. SMITH, OSB #215034
AUDREY F. BOYER, OSB#106560
Carollo Law Group
Mail:   P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South
Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com

SARA GHAFOURI, OSB #111021
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
*Attorneys for Defendant-Intervenors*

DEFENDANT-INTERVENORS' ANSWER – 25

**CERTIFICATE OF SERVICE**

I, Dominic Carollo, hereby certify that on March 18, 2026, caused the foregoing to be

served upon counsel of record through the Court's electronic service system.

Dated this 18th day of March, 2026.

> /s/ Dominic M. Carollo
> DOMINIC M. CAROLLO, OSB #093057
> Carollo Law Group
> Mail:   P.O. Box 2456
> Roseburg, OR 97470
> Office: 2315 Old Highway 99 South
> Roseburg, OR 97471
> Telephone: (541) 957-5900
> Fax: (541) 957-5923
> Email: dcarollo@carollolegal.com

DEFENDANT-INTERVENORS' ANSWER – 26