Sangye Ince-Johannsen, OSB # 193827
David T. Woodsmall, OSB # 240631
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Boulevard, Suite 340
Eugene, Oregon 97401
sangyeij@westernlaw.org
woodsmall@westernlaw.org
541.778.6626
971.285.3632

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS, | Case No. 1:25-cv-2296-CL |
| *Plaintiffs,* | |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF ADMINISTRATIVE CORRECTION [DKT. NO. 52]** |
| DOUGLAS JAMES BURGUM in his official capacity as Secretary of the Interior, U.S. FISH & WILDLIFE SERVICE, and U.S. BUREAU OF LAND MANAGEMENT, | |
| *Defendants;* | |
| and | |
| MURPHY COMPANY, | |
| *Defendant-Intervenor,* | |
| and | |
| AMERICAN FOREST RESOURCE COUNCIL and ASSOCIATION OF O&C COUNTIES, | |
| *Defendant-Intervenors.* | |

Federal Defendants' Notice of Administrative Correction is their latest attempt to resolve the discrepancy between the Last Chance Project's environmental assessment (EA) and biological opinion (BiOp) regarding the acreage of northern spotted owl critical habitat slated for removal. Doc. 52. Federal Defendant Bureau of Land Management (BLM) first attributed the discrepancy to differences in analytical methods and overlapping treatment types. AR00092. BLM then further characterized the discrepancy as due to the "double-counting" of acres in the EA where multiple hazardous fuels reduction treatments were applied to the same acreage. First Dec. of Justin Kelly ¶ 10. Plaintiffs described why this explanation fails to account for the acreage discrepancy. Doc. 43 at 1–3. Now, following the preliminary injunction hearing, the same BLM employee identifies additional errors in the agency's math and attempts to wipe the problem away as a clerical mistake. Second Dec. of Justin Kelly ¶ 5.

This is a textbook example of arbitrary and capricious agency decisionmaking. Given BLM's compounding errors, at the very least, serious questions remain concerning the BiOp and EA's critical habitat analyses, presenting a "fair ground for litigation and thus for more deliberative investigation." *Republic of Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (Plaintiffs in an ESA case need only show "serious questions going to the merits" because the balance of harms tips sharply towards protecting endangered species).

Respectfully submitted this 1st day of April, 2026,

/s/ Sangye Ince-Johannsen
Sangye Ince-Johannsen, OSB # 193827
David T. Woodsmall, OSB # 240631
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Boulevard, Suite 340
Eugene, Oregon 97401

sangyeij@westernlaw.org
woodsmall@westernlaw.org
+1 541.778.6626
+1 971.285.3632